# REPORTS OF CASES, &c.

## ALLEGHENY COUNTY,

### September Term, 1791.

#### PENNSYLVANIA *v.* SUSANNA M'KEE.

*S*USANNA M'KEE, a widow, was tried for the murder of her baftard child. The infant was found dead in the *Monongahela* river, on the 15th *Auguft* laft, with a ftone to it, its head bruifed, and marks of violence. This woman was fufpected and examined : at firft fhe denied, but afterwards confeffed, having had a child.—— She faid fhe had buried her child, it having been dead born. Afterwards owned fhe had taken it up, and thrown it in the river. One witnefs for the prifoner (a man fufpected as the father of her child) proved, that, three months before its birth, fhe applied to him, when he was going out of the neighbourhood, to enquire for a nurfe, and fend to her, as fhe did not want the child to be in the neighbourhood ; and that fhe afterwards fent to know, whether he had found one. He never enquired.

*Brackenridge* and *Young* for the prifoner, read act of *September*, 1786. 2 *Hawk.* 438. 2 *Hale*, 289.

PRESIDENT. The 8th fection of " the act for the advancement of juftice, and more certain adminiftration thereof," paffed in 1718, declares, that if any woman delivered of a baftard child " endeavour privately, by drowning or fecret burying thereof, or any other way, fo to conceal the death thereof, as that it may not come to light, whether it were born alive or not ; except fuch

*1791.*

*31ft May, 1718. 1 St. L. 135.*

B

mother can prove by one witnefs, that fuch child was born dead, fhe fhall fuffer death, as in the cafe of murder :" thus making concealment of its death evidence of fuch dead child being born alive, and killed by its mother. This law is borrowed from *England*; and there, as it favoured of feverity, it became ufual, in trials for this offence, to require fome fort of prefumptive evidence, that the child was born alive, before the other conftrained prefumption, that the child whofe death was concealed, was therefore killed by the mother, was admitted to convict her on this ftatute. And this practice of the *Englifh* courts was exprefsly eftablifhed as the law of *Pennfylvania*, by " the act for amending," and " the act to reform the penal laws of this ftate," pafled in 1786, and in 1790, which declared that this concealment fhall not be fufficient evidence, to convict the mother, without probable prefumptive proof that the child was born alive.

To fupport this indictment, therefore, there muft be, firft, pofitive evidence of the concealment, then probable evidence of the birth alive. Or, if there be no evidence of concealment, it may be left to the jury on the circumftances, if they warrant it, to fay, whether fhe murdered the child, by wounds, &c. or not.

Concealment, as the negative of publication, admits only of fuch proof, as other negatives. But here fpecial acts of concealment, as private burying, or drowning are pointed out by the law, and proved by the teftimony. But, as concealment of death may be occafioned by accident, without any defign, unlefs there be a concealment of pregnancy, labour, &c. or fome other circumftances of concealment, there being no perfon prefent at the birth is not fufficient, to convict the mother.

Concealment is fufficiently proved. The circumftance of the nurfe, three months before, and *at a distance from the neighbourhood*, confidered as countervailing it, feems very weak. There is no difcovery or notice to the neighbours ; no call on any of them. She certainly intended to conceal. That intent the law views in a capital light ; and reafonable fufpicion will not view it as innocent.

Prefumptive evidence of the birth alive is fufficient. Want of hair, nails, &c. or other circumftances of a

1791.

premature birth, muft be evidence in favour of the pri-
foner. Circumftances of maturity, marks of violence,
&c. are evidence againft her. You will confider, whe-
ther the marks of violence were inflicted of purpofe on
the child, or by accident to the dead body in the river.
The prefumption ought to be fuch, as, together with
the ftrength of the temptation, and the circumftances of
the mind and conduct of the prifoner, will induce you
to believe, that the child was born alive, and killed, by
the act, procurement, or wilful neglect of the mother
whofe cafe is now before you.

The jury found a verdict, not guilty.

NOTE—The 8th fection of " the act for the advancement 1 *St. L.* 135.
of juftice," &c. on which this indictment was founded, is
copied from the *Englifh* ftatute, 21 *Ja.* 1. c. 27. At a gaol *Kel.* 32.
delivery for *Newgate*, 16 *Car.* 2, *Anne Davis* was tried on
this ftatute, for the murder of her baftard child, and the
indictment not being fpecial, as the ftatute is, for conceal-
ing the death; but " that fhe brought forth a living male
child, which, being born alive, was a baftard," and then
ftating, in the ordinary form, that fhe murdered it, conclu-
ded " againft the peace," &c. without faying againft the
form of the ftatute; the judges doubted whether the in-
dictment ought not to have been fpecial. Examining the
precedents they found a fpecial indictment in 2 *Car.* 1,
but all after 4, 5, and 6 *Car.* 1, framed as that before
them. And they were told, that this form was adopted,
by the advice of the judges at that time; the ftatute mak-
ing the mother's concealment of the death of her baftard
child, punifhable as murder, which was an offence at com-
mon law. This enquiry and information fatisfying the
court, they proceeded on the indictment. And this form
of indictment for murdering a baftard child, comprehend-
ing alfo an affertion of fecret birth and killing, continued
to be confidered, as an eftablifhed fpecific indictment for
concealing the death of a baftard child, the offence declar-
ed by the ftatute to be punifhable as murder. If the indict-
ment was in this form, and evidence given of concealment,
the mother muft prove by one witnefs that the child was 2 *Hale,* 288
born dead. If the indictment ftate not that the child was a —9.
baftard and born, alive, fhe is not put to this proof. The
fame form was adopted in *Pennfylvania,* as a fpecific in-
dictment for the fame offence, under our act of 1718; and

B 2

continued to be fo under our act of 1786 and of 1790, which, befides concealment of death, required additional prefumptive evidence of birth alive.

In 1794, the affembly of *Pennfylvania*, by "the act for the better prevention of crimes, and for abolifhing the punifhment of death in certain cafes," diftinguifhed murder into two degrees, and referving the punifhment of death for murder in the firft degree, changed the punifhment of murder in the fecond degree into confinement for a period not lefs than five years. And, with refpect to the offence of concealing the death of a baftard child, formerly punifhed, as murder, with death, the 17th fection of this act declares, that if any woman endeavour privately to conceal the death of her baftard child, fo that it may not come to light whether it was born dead or alive, or whether it was murdered or not, fhe fhall be punifhed by confinement for a period not exceeding five years, or by fine and imprifonment, at the difcretion of the court ; and further provides, that if, together with this offence, the indictment charge the woman with the murder of her baftard child, the jury may acquit or convict her of both offences or either. The 18 fection then declares, that the concealment of the death of any fuch child fhall not be conclufive evidence, to convict the mother of the murder of her child, "unlefs the circumftances attending it be fuch, as fhall fatisfy the mind of the jury, that fhe did wilfully and malicioufly deftroy and take away the life of fuch child."

"The acts of 1786 and 1790," declared, that concealment of the death was not fufficient to convict, without prefumptive proof of birth alive. And this act of 1794, renders evidence both of birth alive and concealment of death, infufficient to convict ; unlefs there be circumftances of wilful murder. This is an important alteration of the act of 1718, and in fact, feems altogether to deftroy the force of the 8th fection of that law, except as to the form of the indictment under it. For, though that fection had never exifted, if a mother had been indicted for the murder of her baftard child, and proof had been made, that fhe concealed its death, and probable prefumptive proof, that the child was born alive, and if the circumftances fatisfied the mind of the jury, that fhe did wilfully and malicioufly take away the life of fuch child (and on an indictment for murder at common law, all this evidence is admiffible) the jury muft have convicted her of murder. If, therefore, on an indictment at common law for murder, before the

act of 1718, such evidence as the act of 1794 requires had been sufficient to convict, the duty of the jury to convict, on an indictment for the murder of a bastard child, seems now to arise, not out of the 8th section of the act of 1718, but out of the common law; and a mother, indicted for the murder of her bastard child, seems to be in a situation neither worse nor better, when indicted under this section of the act of 1718, or for murder at common law. If the 8th section of the act of 1718, restrained as it is by the 18th section of the act of 1794, answer no other purpose than the common law, its use ceases, and it might be repealed. If, therefore, it had been the intention of the act of 1794, to make concealing the birth and death of a bastard child a specific offence, distinct from murder, and not also leave it, as it was before, a component part of the offence declared by the act of 1718, and stated in the indictment as murder, the plain way to accomplish this intention was, first, to repeal the 8th section of the act of 1718, and then declare the offence and punishment of a mother concealing the birth and death of her bastard child. But, instead of this, the act of 1794 first changes the punishment of a mother concealing the birth and death of her bastard child (as it does of murder in the second degree), from death to confinement; then qualifies the 8th section of the act of 1718, by declaring certain circumstances necessary to make concealment conclusive evidence of murder, and repeals no law not repugnant to, or supplied by itself. So qualified, the 8th section of the act of 1718 is recognized by the act of 1794; and the established form of indictment under the act of 1718 and the subsequent acts is also recognised, and may be accompanied with a special count, for concealing the birth and death.

3 *St. L.* 606, § 19.

3 *St. L.* 606, § 17.

Whether, since the act of 1794, there be much use in retaining the form of indictment established under the act of 1718, may, as I have stated, appear doubtful; and it may seem, that an indictment for murder at common law may answer all the purposes of this form of indictment on this statute. But as the act of 1794 seems to sanction this form of indictment; and there may be conceived some force in the words " one witness," in the act of 1718, and in the words, " conclusive evidence," in the act of 1794; it seems adviseable, to retain this form of indictment against a mother, for the murder of her bastard child, as a notice, to prepare to encounter the evidence of concealment, by the proof of one witness, that the child was born dead.

2 *Hale, P. C.* 288—9.

B 3

There may, therefore, now be three counts, in an indict-
ment founded on the death of a baſtard child:

    1. A count at common law, for the murder of a child.

    2. A count, in the form ſettled under the ſtat. 21 *Ja.* 1.
and the 8th ſection of our act of 1718, for the murder of
a *baſtard* child, by its *mother*; and,

    3. A count for the *concealment* of the birth and death of
a baſtard child by *its mother*, ſpecially framed, on the 17th
ſection of the act of 1794.

    I do not know that the firſt is *neceſſary*, as the ſecond is
ſo framed, as to accompliſh the ſame purpoſe. On the ſe-
cond count, as other than a count at common law, there
muſt be proved, *First*, by the act of 1718, concealment of
the birth and death; *Second*, by the act of 1790, probable
preſumptive proof of the birth alive; and *Thirdly*, by the
act of 1794, circumſtances to ſatisfy the mind of the jury,
that the mother wilfully took away the life of her child:
and then, unleſs ſhe can deſtroy the effect of this evidence,
by the proof of one witneſs, or circumſtances equivalent,
ſhe will be convicted of murder. Or, under this count,
as a count at common law, if there be no concealment
proved, it may be left to the jury, on the circumſtances, as
at common law, to enquire whether ſhe murdered it or
not. Under the third count, there is nothing more to be
proved, but concealment of the birth and the death, as
ſtated in the 17th ſection of the act of 1794; and, on con-
viction on this count, judgment is given, as preſcribed by
that ſection.

    I think, therefore, indictments againſt a mother, on the
concealment of the death of her baſtard child, ought now
to contain, at leaſt, thoſe two laſt counts; the count for the
murder of her baſtard child, as ſettled under the ſtat. 21
*Ja.* 1. and our act of 1718; and (for even ſtrong
circumſtances of actual killing may not ſatisfy the jury),
a count framed on the words of the 17th ſection of the act
of 1794, for the concealment of the birth and death of
her baſtard child.

    But if from ſtrong circumſtances of wilful and malicious
taking away of life, no count of this laſt kind ſhould be
drawn up, and the preceeding count, for the murder of a
baſtard child, as ſettled under the ſtatute 21 *Ja.* 1. and our
act of 1718, ſhould ſtand alone in the indictment; and the
circumſtances of wilful killing ſhould not ſatisfy the mind
of the jury, and they ſhould not find the murder, but find
ſpecially a concealment of the birth and death in the terms,
of the 17th ſection of the act of 1794; could judgment

*Marginal note:* 1791.

*Marginal note:* 2 *Hale,* 289.

1791.

be given according to that section, for confinement for not more than five years?

Concealment of the death of a baftard child was not firft declared an offence, by the act of 1794; but at the time of paffing that act, and at all times before, fince the act of 1718, was an offence.

The act of 1794 does not repeal the 8th fection of the act of 1718, but changes the punifhment (of this as of other offences) and adds a new qualification. Concealment, with other circumftances, may yet be evidence of murder; murder, like concealment without thofe circumftances, may yet be punifhed by confinement for five years; and the act of 1794 ftill fuppofes the form of indictment under the act of 1718 to be ufed. Under that form, concealment of death is an effential part of the evidence; for that form was, in fact, confidered as a fpecific indictment for the conceal- ment of the birth and death of a baftard child; and was notice to the mother to prepare to meet evidence of fuch concealment, and contained words equivalent to conceal- ment of the birth and death.

The punifhment is changed not from a lefs to a greater, but from a greater to a lefs; and there was more reafon for a fpecial notice in the indictment, that evidence of conceal- ment was to be given, when the punifhment of it was death, than now, when the punifhment of it is but confine- ment for five years. If on an indictment in this form, the jury before the act of 1786, had found fpecially the con- cealment, in the words of the act of 1718 & of 1794, judg- ment of death would have been given; if fo found now, on this form of indictment fettled for concealment, when the punifhment of other murders is changed to confinement, may not judgment of confinement be given?

*2 Hale, 189, —90.*

The offence, which is found by fuch verdict, and which, by ftatute 21 *Ja.* 1, and our act of 1718, was punifhable by death, and, by our act of 1794, punifhable by confinement, is a mother's concealment of the birth and death of her baftard child. Under the ftatute 21 *Ja.* 1, and our act of 1718, this was the fettled form of indictment for this of- fence. When our act of 1786 and 1790 added another circumftance, probability of birth alive, it remained the form of indictment for concealment fo qualified. And when the act of 1794 added further circumftances of wilful tak- ing away of life, it yet remains a form of indictment for concealment fo qualified. So that now, it is a form of in- dictment for a mother's *concealment* (which of itfelf was for-

merly capital) of the birth and death, 1, of her *baſtard* child; 2, of her baſtard child *probably born alive;* and 3, of her baſtard child probably born alive and *wilfully deſtroyed.*

There are offences compounded of an inferior offence and ſomething more ; as petit treaſon, burglary, murder, &c. and, though in ſuch caſes, on an indictment for the leſs offence, the defendant cannot be convicted of the greater ; on a verdict for the greater, he may be convicted of the leſs, and receive ſentence accordingly. On an indictment for larceny, the verdict was a playing with falſe dice, and judgment was given for the miſdemeanor. On an indictment of a ſingle count for an aſſault and battery, the defendant may be convicted of the aſſault only. Homicide by miſadventure, is an unlawful killing by accident. Manſlaughter is an unlawful voluntary killing without malice. Murder is an unlawful killing with malice. On an indictment for murder, the defendant may be convicted of manſlaughter, or of homicide by miſadventure, &c. This form of indictment is for a murder, conſiſting of concealment of death, and other circumſtances ; may not the defendant be convicted of the concealment without the other circumſtances, and receive ſentence accordingly ?

This may be thought to be going a great way to ſupport ſuch proceeding ; and no doubt the beſt way is to annex, to this form of indictment, a ſpecial count for concealment; in the words of the 17th ſection of the act of 1794. But where, becauſe the concealment was accompanied with ſtrong circumſtances of wilful taking away of life, this has not been done ; as I am averſe to the obſtruction or delay of juſtice on mere matters of form, where there is not a manifeſt violation of the plain rules of law or natural juſtice ; on a ſpecial finding, in the words of the 17th ſection of the act of 1794, on an indictment under the 8th ſection of the act of 1718, where the mother has had a full opportunity of defence, on the merits of her caſe, I am not convinced that judgment ought to be arreſted.— Why may not judgment be given under the 17th ſection of the act of 1794 ?

At *January* ſeſſions 1794, a Negroe woman was tried in *Waſhington,* on an indictment for the murder of her baſtard child. The circumſtances were very ſtrong, and might reaſonably have been thought ſufficient, to ſatisfy the mind of the jury, that ſhe did wilfully and maliciouſly take away the life of the child. However, the jury did not find the murder, but found the concealment of the birth and of the death. The court gave judgment of confinement for five years.

*See 2 Hawk, 622--627 and caſes there cited.*

*Leeſer's caſe, Cro. Ja. 497. See Joyner's caſe, Kel. 29. Holmes's caſe, Cro. Car. 376. 1 Hawk. 263*

*See alſo Mc Birnie's caſe, poſt.*