F I L E D
United States Court of Appeals
Tenth Circuit

JAN 5 2005

PATRICK FISHER
Clerk

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

  Plaintiff-Appellee,

v.

JONATHAN JAMES MUNRO,

  Defendant-Appellant.

No. 04-4051

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**
**(D.C. NO. 03-CR-747-DAK)**

---

W. Andrew McCullough, McCullough & Associates, LLC, Midvale, Utah, for Defendant-Appellant.

Michele M. Christiansen, Assistant United States Attorney (Paul M. Warner, United States Attorney, with her on the brief) Office of the United States Attorney, Salt Lake City, Utah, for Plaintiff-Appellee.

---

Before **KELLY** , **ANDERSON** , and **TYMKOVICH** , Circuit Judges.

---

**TYMKOVICH** , Circuit Judge.

A jury convicted Jonathan James Munro of using a computer to attempt to persuade a minor to engage in illegal sexual acts, in violation of 18 U.S.C.

§ 2422(b) (2000), and carrying a firearm during the commission of a crime of violence, in violation of 18 U.S.C. § 924(c) (2000).  Munro appeals his conviction arguing that the government presented insufficient evidence to convict him of either crime and that using a device of interstate commerce, i.e., a computer, to attempt to persuade a minor to engage in sexual acts is not a crime of violence.  Taking jurisdiction pursuant to 28 U.S.C. § 1291 (2000), we affirm.

## I.  BACKGROUND

On September 10, 2003, Munro, a 25-year-old resident of Salt Lake City, Utah, entered a Salt Lake City-specific Yahoo! chatroom using the screen name g_unit_8012002.  (Aplt. Br. p. 3)  He began a private chat with an undercover police officer who used the screen name chantelle3101 (Chantelle).  (Aplt. Br. p. 3)  Soon after the chat began, Chantelle identified herself as a 13-year-old girl, and Munro told her he was 21.  (Aplt. Br. p. 3, Add. 1 p. 1)  Throughout the chat Munro asked Chantelle questions about her physical features, clothing preferences, and personal background.  (Add. 1 p. 1-12)  Munro also told Chantelle about his personal possessions such as his car, home, XBox gaming system, DVD player, Play Station 2 gaming system, and money.  (Add. 1 p. 1-12)  In addition, Munro asked Chantelle several questions about her sexual history and her willingness to engage in risky behavior (sexual or otherwise).  (Add. 1 p. 2-12)  Specifically, Munro asked about Chantelle's virginity, her experience with

oral sex, and the possibility of the two of them making a movie together. (Add. p. 2-12) Further, Munro told Chantelle about his desire to perform oral sex on her so that he could make her "feel the best [she] ever have b4." (Add. 1 p. 9)

Munro eventually proposed that the two of them meet. (Add. p. 5) After further discussions, they arranged to rendevous at an elementary school near Chantelle's house at 11:00 p.m. (Add. p. 9-10) Munro requested that Chantelle wear something "sexy" underneath her clothes "or nothing at all" and kiss him when they met. (Add. p. 11)

That night, Munro arrived at the school, parked his car a block away, and approached an undercover officer whom he presumed to be Chantelle. (Aple. Br. p. 7-8) The police arrested Munro, and during a search incident to the arrest they found a loaded semi-automatic handgun in Munro's pocket. (Aple. Br. p. 8)

After the government indicted Munro for violating 18 U.S.C. §§ 2422(b) and 924(c), he moved to dismiss the firearms charge, arguing that he did not commit a crime of violence. (Aple. Br. p. 8-9) The court denied his motion and, after a two-day jury trial, the jury found Munro guilty of violating both statutes. (Aple. Br. pp. 9-10, 17) The district court sentenced Munro to 120 months in prison and 60 months of supervised release. (Aple. Br. p. 17)

## II. ANALYSIS

Munro raises a number of issues on appeal, but only two warrant extensive discussion. First, Munro argues that the government presented insufficient evidence at trial to convict him of the crimes. Second, Munro argues that a violation of 18 U.S.C. § 2422(b) is not a crime of violence and thus he cannot be guilty of carrying a firearm during the commission of a violent crime under 18 U.S.C. § 924(c). Munro also raises several issues related to the district court's failure to instruct the jury on entrapment and the constitutionality of his sentence under the Eighth Amendment.

### A. Section 2422(b): Attempted Sexual Activity with a Minor

Munro argues that the evidence at trial was insufficient to sustain his conviction. We review sufficiency of the evidence claims de novo. *United States v. Vallo*, 238 F.3d 1242, 1246 (10th Cir. 2001). In doing so, we view all evidence in the light most favorable to the prevailing party below, which in this instance is the government. *United States v. Hooks*, 780 F.2d 1526, 1529 (10th Cir. 1986). Ultimately, we must determine whether the evidence and all reasonable inferences drawn therefrom could allow a reasonable jury to find Munro guilty beyond a reasonable doubt. *United States v. Magleby,* 241 F.3d 1306, 1311-12 (10th Cir. 2001).

A defendant is guilty of violating 18 U.S.C. § 2422(b) if he (1) used a "facility . . . of interstate . . . commerce . . . (2) to knowingly persuade[], induce[], entice[], or coerce[] (3) any individual who has not attained the age of 18 years, (4) to engage in . . . any sexual activity for which any person can be charged with a criminal offense, or attempt[ed] to do so."  In the present case, Munro never actually engaged in sexual activity with a minor, therefore the prosecution charged him with attempt.  To prove attempt, the government had to show that Munro took a "substantial step" towards the commission of the ultimate crime, and that such step was more than mere preparation.  *United States v. Ramirez*, 348 F.3d 1175, 1180 (10th Cir. 2003).

Having conducted our own de novo review of the evidence, it is apparent that Munro initiated the sexual conversations with and otherwise attempted to entice Chantelle to engage in sexual activity.  At trial, both parties presented the transcript of the online chat between Munro and the undercover officer as the main piece of evidence.  The officer who posed as Chantelle also testified about the online conversation.  As a preliminary matter, he testified that as a part of police training officers are instructed not to initiate conversations about sex or meeting the person with whom they are chatting.  (App. Vol. IV p. 31-32, 64) This training is apparent in the transcript, for Munro not only initiated the conversation, but also first broached the topics of sex and meeting in person.

The transcript also reveals evidence of enticement by Munro. As the chat progressed, Munro's sexual comments became more detailed, while Chantelle merely responded to Munro's statements and questions. Munro's statements and questions regarding virginity, sexual experiences, and his desire to perform oral sex on Chantelle are evidence of Munro's knowing attempt to persuade a minor to have sex with him. Further, Munro's statements that he had money, his own place, a car, an XBox, a Play Station 2, and a DVD player could reasonably be interpreted as attempts to impress Chantelle and give her incentives to meet and engage in sexual activities with Munro. Finally, Munro took a substantial step towards completion of the crime by actually going to the prearranged meeting place.

In short, the government presented sufficient evidence at trial from which a reasonable juror could have found Munro guilty of attempting to persuade a minor to engage in sexual acts through use of a computer connected to the Internet. *See Magleby*, 241 F.3d at 1312 (jury verdict will only be overturned when "no reasonable juror could have reached the disputed verdict") (quoting *United States v. Whitney*, 229 F.3d 1296, 1300-01 (10th Cir. 2000)).

**B. Section 924(c): Firearms Violation**

Having found that there existed sufficient evidence to convict Munro of violating 18 U.S.C. § 2422(b), we turn to the question of whether the government

presented sufficient evidence to convict Munro of carrying a firearm during the commission of a violent crime in violation of 18 U.S.C. § 924(c).  To answer this question, we must first determine whether it is a crime of violence to use a device of interstate commerce to persuade a minor to engage in sexual acts, and then attempt to meet that minor for the purpose of engaging in such sexual acts.  We review de novo the district court's legal conclusion that a violation of 18 U.S.C. § 2422(b) is a crime of violence.  *United States v. Vigil*, 334 F.3d 1215, 1218 (10th Cir. 2003).

When "determining whether a particular felony offense constitutes a crime of violence . . . [we] employ a 'categorical' approach that omits consideration of the particular facts of the case."  *Id.* (interpreting crimes of violence under sentencing guidelines).  We use this approach in evaluating § 2422.  *See Taylor v. United States*, 495 U.S. 575, 600 (1990) (determining whether burglary constitutes a predicate crime of violence under 18 U.S.C. § 924(e) "mandates a formal categorical approach, looking only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions").  The language of 18 U.S.C. § 924(c)(3) defines a crime of violence as one that "by its nature involves a substantial *risk* that physical force . . . may be used in the course of committing the offense."  (emphasis added).

In cases involving sex crimes against minors, we have found that "there is always a substantial risk that physical force will be used to ensure [a] child's compliance" with an adult's sexual demands. *Vigil*, 334 F.3d at 1221 (quoting *United States v. Reyes-Castro*, 13 F.3d 377, 379 (10th Cir. 1993)). As a result, we have previously held that actual sex with or sexual abuse of a minor is a violent act. *See United States v. Coronado-Cervantes*, 154 F.3d 1242, 1244-45 (10th Cir. 1998) (finding that sexual contact with a minor is a violent crime for purposes of the career offender sentencing guideline). This case, however, involves no actual abuse, but rather an attempt at such abuse.

Nonetheless, we have guidance in determining whether a person convicted of attempt under 18 U.S.C. § 2422(b) commits a violent crime. First, we acknowledge that § 924(c), like the incest statute we reviewed in *Vigil*, itself "speaks in terms of probability[, i.e., a] 'risk' . . . ." of physical harm. 334 F.3d at 1223. Thus, "physical injury need not be [certain] for a crime to pose a serious risk of physical injury." *Id.* Second, other courts have found that attempted sexual abuse of a minor is a crime of violence. *See United States v. Pierce*, 278 F.3d 282, 290 (4th Cir. 2002) (finding that the sentencing guidelines treat the attempt to sexually abuse a minor in violation of 18 U.S.C. § 2242 as a crime of violence); *United States v. Butler*, 92 F.3d 960, 963-64 (9th Cir. 1996) (holding that violation of 18 U.S.C. § 2423(b), attempted interstate travel with the intent to

engage in sex with a minor, is a violent crime). In light of § 924(c)'s language, we agree with our fellow circuits that the risk involved in attempted sexual abuse of a minor is significant enough to render it a crime of violence and, thus, a person convicted of attempt under 18 U.S.C. § 2422(b) has committed a crime of violence. Therefore, the district court did not err.

Having concluded that Munro committed a violent crime, we turn to whether sufficient evidence existed to find him guilty of carrying a firearm during the commission of a violent crime in violation of 18 U.S.C. § 924(c). As an initial matter, neither party disputes that Munro carried a firearm to the rendevous point. Munro argues, though, that this conduct cannot form the basis of a conviction because he completed the crime when he logged off the computer, not when he went to meet the undercover officer. But Munro did much more than simply chat over the Internet with a minor about sex. Instead, he furthered his attempt by taking a substantial step towards completion of the crime when he proceeded to the rendevous point arranged between himself and Chantelle. Thus, when Munro carried a gun during his trip to meet Chantelle, the violation of 18 U.S.C. § 2422(b) was ongoing and the jury properly found Munro carried a firearm during the commission of a crime of violence.

Munro also suggests that the gun was not related to the crime because he always carried a gun, particularly at night to places he perceived as unsafe. *See*

18 U.S.C. § 924(c)(1)(A)(I) ("any person who, *during and in relation to* any crime of violence . . . for which the person may be prosecuted in a court . . . , uses or carries a firearm . . . shall, . . . be sentenced to a term of imprisonment of not less than 5 years") (emphasis added); *United States v. Nava-Sotelo*, 354 F.3d 1202, 1206 (10th Cir. 2003) (finding that the government must prove that a firearm was used during and in relation to a crime of violence in order to obtain a conviction under 18 U.S.C. § 924(c)).  This argument fails.  Even if Munro routinely carried a gun for a variety of reasons, he still could carry a gun "during and in relation to" the crime he was convicted of in this case.  Furthermore, a reasonable juror could conclude that Munro brought the gun, not because he felt he was in an unsafe area—an elementary school playground, but in case Chantelle refused his advances.  On this evidence, we have no doubt a reasonable jury could have "reached the disputed verdict." *Magleby*, 241 F.3d at 1312.

Therefore, we conclude that the government presented sufficient evidence to convict Munro of carrying a firearm during the commission of a violent crime.

## C.  Jury Instruction and Eighth Amendment Arguments

Munro makes several other arguments.  First, he argues the court erred by refusing to give a jury instruction on entrapment.  We disagree.  Not only did Munro fail to put forth sufficient evidence of entrapment to warrant the instruction, but also the officer who posed as Chantelle testified that he gave

Munro more than one opportunity to back out of the meeting, thus vitiating the need for an entrapment instruction.[1]  It has long been the law of this circuit that a defendant is not entitled to an entrapment instruction unless there is evidence of "both lack of predisposition and government inducement" in the criminal conduct. *United States v. Ortiz*, 804 F.2d 1161, 1165 (10th Cir. 1986); *see also United States v. Scull*, 321 F.3d 1270, 1275 (10th Cir. 2003).  The record here does not support such an instruction.  Thus the district court did not err in refusing Munro's request.  *Ortiz*, 804 F.2d at 1165-66; *see also United States v. Wolny*, 133 F.3d 758, 765 (10th Cir. 1998) (finding a jury instruction on a particular defense need not be given if unsupported by the evidence).

Second, Munro argues the court gave erroneous jury instructions regarding 18 U.S.C. § 2422(b) because the instructions failed to inform the jury that the mere suggestion of sexual acts did not violate the statute.  To the contrary, the court's instruction informed the jury that the government had to prove that Munro "took a substantial step in his attempt to persuade . . . a minor to engage in illegal

---

[1] During the online chat, the officer posing as Chantelle stated, "i don't want sneak out and have this be a joke for u."  At trial, the officer testified that he asks this question, or one similar to it, "to give the individual an easy way out of backing out of the chat if they are not fully intending on meeting a young child." (App. Vol. IV p. 43)  Similarly, during the chat, the officer stated, "So u will be there and u not messing with me?" The officer testified that he asked this question, "[f]or the same reason I asked the question earlier, to give [Munro] a chance to think about it and also allow him an easy way of backing out of this meeting."  (App. Vol. IV p. 45)

sexual activity." (Aple. Br. p. 33) Thus, the court did in fact instruct the jury that in order to convict Munro it had to find he did more than simply make a suggestion of sexual conduct.

Finally, Munro asserts that the PROTECT Act,[2] which changed the sentence for § 2422(b) from a maximum of fifteen years to a minimum of five years and a maximum of thirty years, violates the Eighth Amendment. Munro first claims that the statute punishes mere "status" or "propensity" to commit a crime. It thus contravenes the Eighth Amendment and the Supreme Court's decision in *Robinson v. California*, 370 U.S. 660 (1962), where the Court found that one cannot be punished for mere status, such as being addicted to drugs. Munro argues that Congress's "attempt[] to imprison 'pedophiles,' even those who had never acted out against children," is unconstitutional. (Aplt. Br. p. 25) This argument is unconvincing because the PROTECT Act does not punish mere status, but rather criminal conduct, and Munro in fact was found by the jury to have engaged in criminal conduct.

Munro also claims that under the PROTECT Act his mandatory minimum punishment of five years is grossly disproportionate to his crime and therefore cruel and unusual under the Eighth Amendment. (Aplt. Br. p. 27-29) This

---

[2] The Protection of Children from Sexual Predators Act of 1998, Pub. L. No. 105-314 § 203(a)(1), 112 Stat. 2974 (1998).

argument is similarly unpersuasive. The Supreme Court applies a "narrow proportionality principle" in analyzing non-capital sentences under the Eighth Amendment. *Harmelin v. Michigan*, 501 U.S. 957, 996-97 (1991) (Kennedy, J., concurring). Proportionality is based generally on a review of the gravity of the offense and comparing sentences imposed on other criminals and for other crimes in the jurisdiction. *Solem v. Helm*, 463 U.S. 277, 292 (1983).

No one denies that attempted sexual abuse of a child is a serious offense, and the mandatory minimum sentence of five years is not inconsistent with other state and federal guidelines for child sex crimes. *See generally* PROTECT Act, H.R. Conf. Rep. No. 108-66 (April 9, 2003), 2003 U.S.C.A.N. 683 (legislative determination that penalties apply "only to the most serious crimes of sexual abuse"). This case, thus, does not present one of the "extreme circumstances" in which the Supreme Court has suggested the length of a sentence "leads to an inference" that the sentence is grossly disproportionate to the crime. *Harmelin*, 501 U.S. at 1006 (Kennedy, J., concurring) (upholding sentence of life imprisonment for cocaine possession). Munro, moreover, has suggested no objective factors that would lead us to conclude that Congress overstepped its constitutional discretion by increasing the length of sentence for violation of § 2422. Thus, we find that the mandatory minimum five-year sentence imposed by the PROTECT Act is constitutional.

## III. CONCLUSION

We find that a person convicted of attempt under 18 U.S.C. § 2422(b) commits a violent crime and that an individual caught carrying a firearm during the commission of such crime can be charged with a violation of 18 U.S.C. § 924(c).  The government presented evidence at trial sufficient to find Munro guilty of violating both statutes.  Moreover, we find that § 2422(b) and the sentence imposed here are constitutional.  Finally, the district court did not err in its instructions to the jury.

WE AFFIRM.