**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 28 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

BENJAMIN FRANKLIN BROWN,

    Defendant-Appellant.

No. 03-8071
(D.C. No. 02-CR-150-D)
(Wyoming)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, Circuit Judge, **McWILLIAMS**, Senior Circuit Judge, and **TYMKOVICH**, Circuit Judge.

By superseding indictment filed on March 19, 2003, in the United States District Court for the District of Wyoming, Benjamin Franklin Brown (defendant) was charged in one count with the Use, on August 28, 2002, of Interstate Commerce to Entice a Minor for Illegal Sexual Activity, in violation of 18 U.S.C. §2422(b). Specifically, the defendant was charged as follows:

> On or about August 28, 2002, in the District of Wyoming, the Defendant, BENJAMIN FRANKLIN BROWN, using a means of interstate commerce, namely the Internet, did

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

knowingly attempt to persuade, induce, and entice an individual who has not attained the age of 18 years to engage in sexual activity for which an individual could be charged with a criminal offence, to wit: the Defendant, Benjamin Franklin Brown, arranged to meet an individual he knew from the internet as "cheybrittney," a 13 year old female, for the purpose of engaging in oral sex, which constitutes a violation of Wyoming law, specifically W.S. §6-2-304(a)(i), commonly known as Sexual Assault in the Third Degree.
    In violation of 18 U.S.C. §2422(b).

The defendant pled not guilty to the foregoing charge. A jury trial began on May 19, 2003, and on May 21, 2003, the jury returned a verdict of guilty as charged. On August 7, 2003, the defendant was sentenced to 46 months imprisonment, a $500 fine, three years of supervised release and a $100 special assessment. Defendant appeals.

On appeal, present counsel (who was not trial counsel) raises two issues, which he frames as follows:

1. Whether the district court committed prejudicial error by allowing evidence of irrelevant instances of prior bad acts to be admitted at trial?

2. Whether the district court erred by refusing to grant Brown's motion for judgment of acquittal when the United States failed to prove the "interstate commerce" element of the offense, thereby depriving the federal district court of jurisdiction?

The charge in the instant case resulted from an undercover online investigation conducted by Flint Waters, a Special Agent for the Wyoming Division of Criminal Investigation ("DCI"). At trial, Agent Waters was the government's only witness. On August 28, 2002, Waters, in Cheyenne, Wyoming, was "online" in a YAHOO! chat room

titled "Wyoming Chat Room," having assumed the persona of a 13 year-old Cheyenne, Wyoming, girl with the YAHOO! nickname "cheybrittney." While in the chat room, Waters was contacted by a YAHOO! user with the screen name "brown6230," who "asked" "cheybrittney" if she wanted to engage in a "private chat." Agent Waters recognized the screen name "brown6230" because he had a "private chat of a sexual nature" with a person using the same screen name on June 14, 2002. Thereafter, in the "conversation" occurring on August 28, 2002, between Waters and a person who eventually turned out to be the defendant, the two conversed about arranging a sexual encounter between the defendant and the 13 year-old persona whom Waters pretended to be. The details of their conversation need not be recounted, since, on appeal, except for his claim that the evidence does not show a "use" of interstate commerce, the defendant does not claim, as such, that there is an insufficiency of the evidence to support the jury's verdict. (Jumping ahead, defendant testified at his trial and stated that he didn't mean what he said in his "conversation" on August 28, 2002, with Agent Waters and that he was only "fantasizing").

The "conversation" occurring on August 28, 2002, between Waters and the defendant ended when the defendant agreed to meet "cheybrittney" in a parking lot in Cheyenne at about 3:35 p.m. The defendant drove his vehicle into the parking lot at the appointed time and remained in his car until Waters, who arrived shortly thereafter, approached the defendant, still in his car. Waters arrested the defendant and advised him

of his Miranda rights. The defendant first told Waters that he was in the lot to meet a deputy sheriff who was a friend. The defendant denied using his computer earlier that day, and said that someone must have broken into his house and used his computer. Defendant then agreed to go with Waters to the DCI offices for further questioning.

Prior to trial, the defendant moved to suppress the use at trial of the transcript of his online conversation with Agent Waters occurring on June 14, 2002. The district court, after hearing, granted the motion, in part, but otherwise denied it. In so doing, the district court redacted from the transcript of the conversation on June 14, 2002, a reference by the defendant to his possession of "pornography" and that on a prior occasion he had sexual activity with a 13 year-old female. The motion, as indicated, was denied as to the balance of the June 14, 2002, online "conversation" as reflected in the transcript thereof. In so doing, the district court relied on Fed. Rules of Evidence 404, stating, *inter alia,* that, though the challenged evidence was no doubt "prejudicial" to the defendant, it was, at the same time, immensely probative of motive, opportunity, intent, preparation, plans, knowledge, identity, or absence of mistake or accident, as are mentioned in 404(b). On appeal, the first issue raised by counsel is that the district court erred in refusing to suppress the entire transcript of the online "conversation" occurring on June 14, 2002, between the defendant and Agent Waters.

A district court's decision to admit evidence of prior "bad acts" of a defendant is reviewed for an abuse of discretion. *United States v. Viefhaus,* 168 F.3d 392, 397 (10th

Cir. 1999). In this regard, in *United States v. Roberts,* 185 F.3d 1125, 1141 (10th Cir. 1999), we held that, in order for a district court to admit at trial evidence of "other bad acts" under Fed. Rules of Evidence 404(b), four requirements must be met:

> (1) the evidence must be offered for a proper purpose; (2) the evidence must be relevant; (3) the trial court must make a Rule 403 determination of whether the probative value of the similar acts is substantially outweighed by its potential for unfair prejudice; and (4) pursuant to Fed. R. Evid. 105, the trial court shall, upon request, instruct the jury that evidence of similar acts is to be considered only for the proper purpose for which it was admitted.

Our study of the matter leads us to conclude that the district court did not abuse its discretion in admitting into evidence the transcript of the "online" conversation between the defendant and Agent Waters, occurring on June 14, 2002, after redacting a small part thereof. We agree that under 404(b) the evidence was probative, and, arguably, extremely so, of defendant's motive, intent, knowledge, absence of mistake or accident. We agree with the district court that the transcript of the "conversation" occurring on June 14, 2002, was no doubt very prejudicial to the defendant, but, at the same time, was highly probative of the elements of the crime charged. Also, the two online "conversations" were close in time, i.e., two months apart. All of this is especially true in light of defendant's testimony at trial, i.e., that in both of his "conversations" with Agent Waters he didn't mean what he said, and was only fantasizing. In this connection, we would also note that trial counsel did not ask for a cautionary instruction on this matter.

Defendant also argues in his brief that the district court erred in denying his

motions for judgment of acquittal made at the close of the government's case and renewed after the defendant's testimony and that of his wife. (There were only three witnesses in the case: Agent Waters, defendant and defendant's wife).

In those motions for judgment of acquittal, defendant argued that "because both the defendant and Agent Waters were located in Cheyenne, Wyoming," the prosecution had failed to show the "interstate commerce element of the crime charged." In this regard the defendant, in the privacy of his own home, located on the grounds of Fort Warren Air Force Base in Cheyenne, Wyoming, used his computer and went "online," inquiring about possible sexually activity with a 13 year-old female. That message was routed through California and was used by Agent Waters on August 28, 2002, in responding to defendant's inquiry. In *United States v. Kammersell,* 196 F.3d 1137 (10th Cir. 1999), the defendant was charged with sending a threatening communication in interstate commerce in violation of 18 U.S.C. §875(c). In that case, both the sender and the recipient of the threat lived in Utah. However, the message (a bomb threat) was automatically transmitted through interstate telephone lines from the sender's computer in Utah to the America On Line server in Virginia and than back to Utah. We held in that case that the "interstate commerce" requirement of the statute there involved had been met. That would seem to cover our situation, where the message sent by the defendant in Wyoming was routed through California and Agent Waters received the message in Wyoming from California. In this connection, *see also United States v. Munro,* 394 F.3d 865, 870 (10th

Cir. 2005), where we said:

> In short, the government presented sufficient evidence at trial from which a reasonable juror could have found Munro guilty of attempting to persuade a minor to engage in sexual acts through use of a computer connected to the Internet.

As stated, the district court granted defendant's motion to suppress a small part of defendant's online "conversation" with Agent Waters occurring on June 14, 2002. When Agent Waters read to the jury the transcript of his online conversation with the defendant on June 14, 2002, the redacted material was <u>not</u> read to the jury. However, later in his testimony, when Agent Waters was testifying about his interrogation of the defendant at DCI headquarters on August 28, 2002, somehow, we are not quite sure just how, the redacted part of their June 14, 2002, conversation was inadvertently heard by the jury. (All agree it was inadvertent and not intentional). The mistake was apparently immediately noticed by all concerned. In any event, the district court immediately instructed the jurors, in fact, twice, that they should disregard that part of the transcript which mentioned the statements made by the defendant in the June 14, 2002, conversation with Agent Waters, which had been redacted. Thereafter, trial counsel, out of the presence of the jury, immediately moved for a mistrial. After hearing, the district court denied the defendant's motion for a mistrial. The jury was fully instructed to disregard and not take into consideration the matters contained in the redacted portion of the June

conversation. Presumably, the jury followed the court's instruction.[1] *Bruton v. United States*, 391 U.S. 123, 135 (1968), *United States v. Rahseparian*, 231 F. 3d 1267, 1277 (10th Cir. 2000).

Judgment affirmed.

ENTERED FOR THE COURT

Robert H. McWilliams
Senior Circuit Judge

---

[1]We note that in his opening brief, counsel for the defendant did <u>not</u> list the "mistrial" matter as a ground for reversal. However, counsel for the government did discuss this matter, at some length, in his answer brief, and counsel for the defendant then discussed the matter in his reply brief. At oral argument, the mistrial issue was the only matter argued by counsel.