# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1093

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of North Dakota. |
| | * | |
| Paul Robert Dickson, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: September 13, 2005
Filed: September 20, 2005

_____

Before RILEY, FAGG, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Paul Robert Dickson appeals his conviction for using the Internet to attempt to entice a minor to engage in illegal sexual activity. See 18 U.S.C. § 2422(b). We affirm.

Evidence at Dickson's trial showed Dickson entered an Internet chat room and initiated a private conversation with an undercover police officer using the screen name "asl_15fnodak" (slang for age, sex, and location = 15-year-old female from North Dakota). Dickson described himself as a 47-year-old man from Grand Forks, North Dakota, and the undercover officer posing as "asl_15fnodak" described herself

as a fifteen-year-old girl named Katie, also from Grand Forks. After discussing hobbies, Dickson asked Katie if she would ever consider dating a man his age. She stated she would, and they exchanged physical addresses. Dickson then asked whether she could meet him at the Holiday Inn parking lot located near her house, and stated he would pick her up at a certain time and go to his apartment. Dickson then told Katie he wanted to make love to her. When she responded that she had no experience, he asked if he could teach her how. Dickson described his car and told Katie he would be waiting for her near the west end of the motel parking lot. At the appointed time, Dickson drove his car into the parking lot and parked on the west end.

Officers initiated a traffic stop and took Dickson to the police department for further investigation. During questioning, Dickson admitted he had the Internet chat room conversation with Katie and he believed she was fifteen. Dickson also told officers that he intended to meet Katie for the purpose of having sex with her, but that after he arrived in the parking lot, he changed his mind. A jury convicted Dickson and the district court[*] sentenced him to sixty months in prison.

On appeal, Dickson argues the evidence was insufficient to convict him. To prove Dickson violated 18 U.S.C. § 2422(b), the Government had to show Dickson (1) used a facility of interstate commerce (2) to knowingly persuade, induce, entice, or coerce (3) an individual who was not yet 18 years old (4) to engage in any illegal sexual activity. United States v. Munro, 394 F.3d 865, 869 (10th Cir. 2005). Because Dickson never actually engaged in sexual activity with a minor, the Government charged him with attempt, which requires a showing that Dickson took a "substantial step" towards commission of the ultimate crime, and that the step was more than mere preparation. Id. Viewing the evidence in the light most favorable to the verdict, we

---

[*]The Honorable Rodney S. Webb, United States District Judge for the District of North Dakota.

conclude a reasonable jury could find beyond a reasonable doubt that Dickson committed the offense. Contrary to Dickson's assertion, there is ample evidence to show Dickson believed Katie was a fifteen-year-old girl. Katie's age was in her screen name, and Katie informed Dickson she was fifteen. See United States v. Thomas, 410 F.3d 1235, 1246 (10th Cir. 2005). Further, the evidence showed Dickson took a substantial step towards persuading a minor to engage in unlawful sexual activity. Dickson initiated the conversation with Katie, tried to persuade her to engage in sexual activity, arranged to meet her for that purpose, and was waiting for her at the arranged time and place when he was arrested. See Munro, 394 F.3d at 869-70.

Dickson contends the district court should have instructed the jury on entrapment. The district court properly declined to give the instruction because the evidence showed Dickson was predisposed to commit the crime without any inducement by the undercover agent. Dickson initiated the conversation with Katie and brought up the subjects of meeting in person and having sex. See id. at 871-72.

We thus affirm Dickson's conviction.

_____