**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**January 31, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Respondent-Appellee,

v.

JAMES DOUGLAS DAVIS,

    Petitioner-Appellant.

No. 05-4209

(D.C. No. 04-CV-00238-TC)
(District of Utah)

**ORDER**

Before **BRISCOE, LUCERO,** and **MURPHY** , Circuit Judges.

    Defendant James Douglas Davis seeks a certificate of appealability (COA) to appeal the district court's denial of relief pursuant to 28 U.S.C. § 2255. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we deny Davis's request for a COA and dismiss this matter.[1]

I.

    On or around December 31, 2002, Davis conversed with an FBI agent on an internet chat room, believing the FBI agent to be a thirteen year old female. During the internet chat, explicit sexual conversations ensued, and Davis

---

[1] The government did not file a response to Davis's appellate brief.

eventually agreed to meet the undercover agent for sexual activity. When Davis arrived at the designated location, he was arrested.

A jury found Davis guilty of attempting to coerce and entice a minor to engage in sexual activity in violation of 18 U.S.C. § 2422(b). Davis failed to perfect a direct appeal. Davis filed a collateral attack under 28 U.S.C. § 2255, contending that he received ineffective assistance of counsel because his trial counsel (1) failed to raise the claim that § 2422(b) required conduct with an actual minor; (2) failed to file a direct appeal. After conducting an evidentiary hearing, the district court denied Davis's § 2255 petition, as well as his later motion for a COA.

## II.

On appeal, Davis argues that an individual may not be prosecuted under 18 U.S.C. § 2422(b) for inducing a person under eighteen years of age to engage in an illegal sexual act when an undercover officer poses as a minor. He again maintains that his trial counsel was ineffective for failing to raise this issue. Additionally, Davis submits that his trial counsel was ineffective for not acting on his request to file a direct appeal.

Unless a petitioner first obtains a COA, no appeal may be taken from a final order disposing of a § 2255 petition. 28 U.S.C. § 2253(c)(1)(B). A COA may issue "only if the applicant has made a substantial showing of the denial of a

constitutional right." Id. § 2253 (c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). This determination "requires an overview of the claims in the habeas petition and a general assessment of their merits." Id. at 336. Douglas is not required to prove the merits of his case, but he must nonetheless demonstrate "something more than the absence of frivolity" or the mere existence of good faith on his part. Id. at 338 (quotations omitted).

A. Statutory and Constitutional Challenge to § 2422(b)

We conclude that Davis's trial counsel was not ineffective for failing to assert that § 2422(b) requires the involvement of an actual minor. To prove a violation of § 2422(b), the government must show: "(1) use of a facility of interstate commerce; (2) to knowingly persuade, induce, entice, or coerce; (3) any individual who is younger than 18; (4) to engage in any sexual activity for which any person can be charged with a criminal offense, or attempting to do so." United States v. Thomas, 410 F.3d 1235, 1245 (10th Cir. 2005) (citation omitted).[2] Because a law enforcement officer posed as a minor, the government

---

[2] Title 18 U.S.C. § 2422(b) provides:

(continued...)

properly charged Davis with attempt. See id. ("Thomas was charged with attempt in this case because he could not have actually enticed a minor because his online chats were with an undercover police officer."); see also United States v. Munro, 394 F.3d 865, 869 (10th Cir. 2005) (stating that in order to establish an attempt under § 2422(b), the government must show that the defendant "took a 'substantial step' towards the commission of the ultimate crime, and that such step was more than mere preparation") (citation omitted). Further, as we recently held, factual impossibility is not a defense to attempting to entice a minor under § 2422(b). United States v. Sims, 428 F.3d 945, 960 (10th Cir. 2005) (holding that "it is not a defense to an offense involving enticement and exploitation of minors that the defendant falsely believed a minor to be involved") (citing United States v. Meek, 366 F.3d 705, 717 (9th Cir. 2004); United States v. Root, 296 F.3d 1222, 1227 (11th Cir. 2002); United States v. Farner, 251 F.3d 510, 512-13 (5th Cir. 2001)).

In addition to Davis's statutory challenge, he insists that § 2422(b) is

---

[2](...continued)

> Whoever, using the mail or any facility or means of interstate or foreign commerce . . . knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 5 years and not more than 30 years.

unconstitutional in light of the Supreme Court's decision in <u>Ashcroft v. Free Speech Coalition</u>, 535 U.S. 234 (2002). In <u>Ashcroft</u>, the Supreme Court held that portions of the Child Pornography Prevention Act of 1996 were overbroad and unconstitutional because the statute prohibited virtual child pornography, i.e., images created without the use of real children. <u>Id</u>. at 255. We believe that Davis's reliance on <u>Ashcroft</u>, which involved a substantially different statute, is misplaced. Moreover, we reject Davis's argument that § 2422(b) is unconstitutionally overbroad because it encompasses prosecutions for adults posing as minors. <u>See</u> <u>Meek</u>, 366 F.3d at 720-22 (disapproving of similar First Amendment challenge to § 2422(b)); <u>see also</u> <u>Thomas</u>, 410 F.3d at 1243-44 (upholding constitutionality of § 2422(b) in the face of First Amendment vagueness and overbreadth challenge).

We conclude that because "an actual minor victim is not required for an attempt conviction under 18 U.S.C. § 2422(b)," <u>Root</u>, 296 F.3d at 1227, Davis's trial counsel was not ineffective for having failed to raise meritless issues.

B. Failure to File a Direct Appeal

Next, we address Davis's claim that his trial counsel was ineffective for failing to file a notice of appeal. The district court held an evidentiary hearing in which Davis, three members of his family, and his trial counsel testified regarding Davis's purported request to his trial counsel to file a notice of appeal. Davis's

defense counsel, Julie George, testified that after the district court sentenced Davis, she had a conversation with Davis and his family concerning a possible appeal. George stated that she informed Davis that he had a couple of viable appellate issues, and asked him whether he wanted her to file an appeal. George recalled that Davis's father shook his head and said, "no," and that Davis also shook his head and mumbled, "no." According to George, Davis and his family appeared confused and devastated over what had transpired at Davis's sentencing hearing. Ms. George stated that when she received a copy of Davis's judgment and conviction order, she mailed Davis a copy, along with a letter informing him of his option to appeal and asking him to respond to her in writing. George testified that she followed up by calling Davis and leaving him a message that the time for appeal was short and that he needed to let her know what he wanted to do. George testified that Davis never replied to her letter or phone message.

Davis and his family offered a different version of events. Davis recalled the district court advising him that he had ten days to file an appeal. According to Davis, after the sentencing hearing he affirmatively requested that George file an appeal on his behalf. Davis denied receiving a letter from George regarding his right to appeal, but he acknowledged that he was living at the address listed on the letter. Davis also asserted that long after the ten days for appeal expired, George told him that he needed to write a letter giving up his right to appeal and

to present it to the prison officials when he self-surrendered.[3] Davis and his family members also testified that on the day of sentencing, at George's office, George informed them that if Davis was her child, she would not file an appeal. Moreover, they stated that George advised them that if he tried to appeal, then the district court would sentence him to an additional five years in prison for perjury. George denied giving such advice.

The district court issued a written order, concluding that "Mr. Davis's trial counsel fulfilled her obligation to inform Mr. Davis of his right to appeal; Mr. Davis simply did not act on that right." Applt. Br., Addendum at 5. The district court determined that George "was a very credible witness at the hearing," noting that she was an experienced trial attorney. Id. The district court stated that it did not believe Davis's testimony that he did not receive a letter from George. Id. at 6. The district court relied on the fact that the letter was addressed to Davis's current residence and George's testimony that the letter was not returned to her. Id. The district court also cited George's decision to leave a phone message at the number she had reached Davis on prior occasions. Id. at 7. Finally, the district court noted that Davis's confusion over the possibility of a five year perjury charge could have stemmed from the district court's statement during

---

[3] The record reveals that the district court permitted Davis to self-surrender after he completed his semester at college.

sentencing that Davis's testimony at trial was contrary to the jury's finding of guilt. Id. at 6 n.3

Davis now criticizes the district court's decision to accept George's testimony, and in turn, to disregard his testimony, as well as his family's. He posits that "[i]f a defense attorney can control whether or not a defendant receives an appeal from a jury trial by simply stating the defendant never requested an appeal, then every defendant's rights could effectively be eviscerated by a statement of counsel." Aplt. Br. at 14. Davis asks, rhetorically, why he would insist on proceeding to a jury trial and then decline to file a direct appeal when he has nothing to lose and everything to gain? We are not persuaded.

"A claim of ineffective assistance of counsel presents a mixed question of fact and law, which we review de novo." United States v. Holder, 410 F.3d 651, 654 (10th Cir. 2005). "Moreover, we review a district court's factual findings based on live testimony presented at the evidentiary hearing only for clear error." Romero v. Tansy, 46 F.3d 1024, 1028 (10th Cir. 1995) (citation omitted). After reviewing the transcript of the evidentiary hearing, we conclude that Davis has not demonstrated that jurists of reason could disagree with the district court's resolution of his claim. The district court's ruling hinged on the credibility of the witnesses, a responsibility squarely falling within the province of the district court. United States v. Long, 176 F.3d 1304, 1307 (10th Cir. 1999). The district

court took an active role in the questioning of each witness and was quite familiar with Davis's case after presiding over his jury trial. The district court's reasons for denying Davis's claim are sound, and its factual findings are not clearly erroneous. We cannot conclude that Davis's claim is adequate to deserve encouragement to proceed further.

Accordingly, we DENY Douglas's request for a COA and DISMISS this matter.

Entered for the Court

Mary Beck Briscoe
Circuit Judge