*United States of America v. Morgan*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's local rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of February, two thousand twenty-four.

PRESENT:
> BARRINGTON D. PARKER,
> GERARD E. LYNCH,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                                    22-2798

WAYNE J. MORGAN, AKA WAYNE S. MORGAN, AKA JASON MORGAN,

> *Defendant-Appellant.* *

---

---

\* The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

FOR DEFENDANT-APPELLANT: DARRELL B. FIELDS, Assistant Federal Defender, Federal Defenders of New York, Inc., New York, NY.

FOR APPELLEE: MICAH F. FERGENSON (David Abramowicz, *on the brief*), Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Gregory H. Woods, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on October 20, 2022, is **AFFIRMED**.

Defendant-Appellant Wayne J. Morgan ("Morgan") appeals from the district court's October 20, 2022, judgment, rendered following a guilty plea, convicting him of one count of possessing seven Luger 9-millimeter shell casings after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). In connection with his unlawful possession of ammunition, Morgan fired multiple gunshots at two individuals, striking one of his victims in the chest ("Victim 1") and the other in the arm ("Victim 2"). The district court sentenced Morgan principally to a term of 120 months' imprisonment, the statutory maximum for his offense of conviction.

On appeal, Morgan argues that the district court erred by (1) constructively amending the superseding indictment at sentencing by relying upon a different offense date than what was outlined in the superseding indictment; (2) applying a sentencing

2

enhancement for attempted murder in the first degree, *see* U.S.S.G. § 2A2.1, and (3) imposing a substantively unreasonable sentence by ordering the statutory maximum punishment. We disagree. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal, to which we refer only as necessary to explain our decision.

## DISCUSSION

### I. Constructive Amendment

We begin with Morgan's claim that the superseding indictment was constructively amended in violation of the Grand Jury Clause. Because Morgan failed to raise this claim below, we review it for plain error. *See United States v. Bastian*, 770 F.3d 212, 219 (2d Cir. 2014). To satisfy the plain error standard, Morgan "must demonstrate that (1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Balde*, 943 F.3d 73, 96 (2d Cir. 2019) (quoting *Bastian*, 770 F.3d at 219–20). "We typically do not find plain error where the operative legal question is unsettled, including where there is no binding precedent from the Supreme Court or this Court." *Bastian*, 770 F.3d at 220 (internal quotation marks omitted).

Constructive amendment occurs when a guilty plea, trial evidence, or jury instructions alter one or more essential elements of a charge to such a degree that "it is

3

uncertain whether the defendant was convicted of conduct that was the subject of the grand jury's indictment." *United States v. Rigas*, 490 F.3d 208, 227 (2d Cir. 2007) ("*Rigas I*") (internal quotation marks and citation omitted). We have previously held that unobjected-to constructive amendments are *per se* prejudicial and automatically satisfy the third prong of plain error review. *See, e.g.*, *Bastian*, 770 F.3d at 220 n.4.

A constructive amendment does not arise every time a fact diverges from what appears on the face of the indictment. *See United States v. D'Amelio*, 683 F.3d 412, 417 (2d Cir. 2012). "[W]e have consistently permitted significant flexibility in proof, provided that the defendant was given *notice* of the *core of criminality* to be proven at trial." *Rigas I*, 490 F.3d at 228 (internal quotations marks omitted). The "core of criminality" is the "essence of [the] crime," meaning that mere differences in "how a defendant effected the crime" are insufficient to constitute constructive amendment. *D'Amelio*, 683 F.3d at 418. Ultimately, the essential inquiry is "whether the deviation between the facts alleged in the indictment and the proof underlying the conviction undercuts the constitutional requirements of the Grand Jury Clause: allowing a defendant to prepare his defense and avoid double jeopardy." *Bastian*, 770 F.3d at 220 (brackets and internal quotation marks omitted).

In this case, Morgan had notice of the "core of the criminality" to be proven at trial prior to pleading guilty. Although the indictment, superseding indictment, and the plea

4

allocution all refer to the criminal conduct as occurring on or about March 8, 2020,[1] the complaint, the initial charging document in this case, clearly states that Morgan's then-alleged unlawful possession of seven Luger 9-millimeter shell casings happened "[o]n or about August 31, 2020." Appellee Br. Add. 1. The same is true of the second complaint, which added a second defendant but otherwise copied the original complaint; that complaint preceded the superseding indictment, which similarly copied the original indictment (including the erroneous date) save for the added second defendant. *Id.* at 10 (second complaint); Appellant's App. 31 (superseding indictment). Moreover, both complaints provided additional detail about Morgan's alleged conduct on the day of the shooting. *Id.* at 2–5, 11–15.

At Morgan's arraignment on the initial indictment, the government conveyed that "this is a felon-in-possession case involving a shooting involving a couple of victims" as "described in the Complaint." Appellee Br. 35 (quoting Tr. of Nov. 2, 2020, Arraignment ("Arraignment Tr."), Dkt No. 19 at 2). Beyond the complaints, discovery yielded surveillance footage of the incident showing Morgan entering his co-defendant's apartment, exiting the building with a firearm, and shooting the two victims, much of which was date- and time-stamped. *See, e.g.*, *id.* (citing Arraignment Tr. at 7); Appellant's App. 311 ("The videotapes have a time stamp for August 31, 2020."). Meanwhile, both

---

[1] At the plea hearing, Morgan's exact phrasing was that the incident occurred "[i]n March 2020." Appellant's App. 52.

parties indicated that the underlying incident occurred on August 31, 2020, in their respective sentencing memoranda. *See* Appellant's App. 66, 169.

Although the date in the indictment and superseding indictment was clearly wrong, it did not amount to a constructive amendment, as the conduct Morgan was charged with, pled guilty to, and ultimately was sentenced for was one and the same. Given Morgan's clear notice of the "essence of the crime," we cannot conclude that the district court plainly erred in relying upon the August 31, 2020, date at sentencing.[2]

## II. Sentencing Challenges

### A. Sentencing Enhancement for Attempted Murder

In fashioning a sentence for Morgan's unlawful possession of ammunition conviction, the district court determined—following an evidentiary hearing conducted pursuant to *United States v. Fatico*, 603 F.2d 1053 (2d Cir. 1979)—that Morgan's conduct warranted a sentencing enhancement for using the ammunition "in connection with the commission or attempted commission of another offense." U.S.S.G. § 2K2.1(c)(1). Specifically, the district court assessed that the ammunition was used in connection with attempted first-degree murder. *See* U.S.S.G. § 2A2.1(a)(1).

---

[2] Nor does the apparent error with respect to the date undermine the district court's finding that Morgan's plea was knowing and voluntary. The record facts set forth above make plain that Morgan could not have been in any doubt that the crime he was being charged with was possessing the ammunition in question on the day that he shot the two victims.

6

In reviewing a "district court's application of the Guidelines to the specifics facts of a case, we . . . follow an either/or approach, adopting a *de novo* standard of review when the district court's application determination was primarily legal in nature, and adopting a clear error approach when the determination was primarily factual." *United States v. Gotti*, 459 F.3d 296, 349 (2d Cir. 2006) (internal quotation marks omitted). The district court must employ the preponderance of the evidence standard when finding facts relevant for sentencing purposes. *See United States v. Salazar*, 489 F.3d 555, 558 (2d Cir. 2007).

The evidence adequately supports the district court's determination that Morgan possessed a specific intent to kill Victim 2. The surveillance footage shows that Morgan entered the building, retrieved a loaded gun from his neighbor's apartment, confronted his intended victims on the street, fired multiple shots—some at close range—at Victim 2, and chased after Victim 2 for approximately eight seconds. *See* Appellant's App. 311–19. The district court's conclusion is further buttressed by Morgan's later statements, made in recorded phone calls with unidentified women, in which he repeatedly stated that he "tried to kill" Victim 2. *Id.* at 320–21.

The timeline of Morgan's conduct also evidences premeditation. Contrary to Morgan's claim, premeditation "does not require the lapse of days or hours, or even minutes." *United States v. Brown*, 518 F.2d 821, 826 (7th Cir. 1975). Instead, it merely requires that a person with a "cool mind" reflect for "at least for a short period of time

7

before his act of killing." *United States v. Mulder*, 273 F.3d 91, 117 (2d Cir. 2001) (quoting

*United States v. Shaw*, 701 F.2d 367, 393 (5th Cir. 1983)).

On these facts, we conclude that the district court did not err in finding

premeditation and specific intent to kill by a preponderance of the evidence so as to

warrant the first-degree attempted murder sentencing enhancement.

### B.      Substantive Reasonableness

Morgan also challenges the substantive reasonableness of his statutory maximum

sentence.  Sentences are reviewed for procedural and substantive "unreasonableness,"

*United States v. Booker*, 543 U.S. 220, 261 (2005), which amounts to a deferential "abuse-of-

discretion standard." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc).  A

sentence will fall outside of that range where it is "shockingly high, shockingly low, or

otherwise unsupportable as a matter of law." *Rigas*, 583 F.3d 108, 123 (2d Cir. 2009)

("*Rigas II*").  "[W]hen conducting substantive review, we take into account the totality of

the circumstances, giving due deference to the sentencing judge's exercise of discretion,

and bearing in mind the institutional advantages of district courts." *Cavera*, 550 F.3d at

190.

At sentencing, the district court created a lengthy record explaining the reasoning

behind Morgan's sentence.  This included discussion, *inter alia*, of the "incredibly serious

offense," Appellant's App. 359, Morgan's personal history, characteristics, and mitigating

circumstances, *id.* at 360–63, the district court's fears regarding potential recidivism, *id.* at

8

363–66, and the other kinds of sentences available, *id.* at 367–68. Here, the Section 3553(a) factors were properly applied, the correct Guidelines range of 135 to 168 months' imprisonment (reduced to the statutory maximum of 120 months' imprisonment) was calculated, and specific reasons for the sentence were provided. On this record, the sentence cannot be considered "shockingly high . . . or otherwise unsupportable as a matter of law." *Rigas II*, 583 F.3d at 123.

*         *         *

We have reviewed the parties' other arguments and find them to be either without merit or unavailing. For the reasons set forth above, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

9